ELLETT AND BURTON *vs.* CHILTON.

A note payable in current bank notes is unliquidated, and a judgment for the full amount of such note, without ascertaining the value of the bank notes, is erroneous.

THIS was an action of assumpsit, determined in the Hempstead Circuit Court, at the May term, 1843, before the Hon. JOHN FIELD, one

of the circuit judges.    Chilton sued Ellett and Burton.    The declaration contained but one count, on a note for $425, in current bank notes, the value whereof was not averred in the declaration.    The defendants demurred to the declaration, for want of profert of the writing sued on, and the demurrer was sustained.    The plaintiffs then moved for leave to amend, which the record states was granted, and the declaration amended by interlining, but it does not appear anywhere in the declaration sent to this Court, that there was any profert whatever, either before or after demurrer and amendment; and then moved for final judgment for want of a plea, and the judgment was rendered accordingly.    Ellett and Burton brought error.

*Pike & Baldwin,* for plaintiff.    By the record in this case, four points are presented:

1*st.* The declaration is fatally defective, because there was no profert of the writing sued on.    *Beebe et al. vs. The Real Estate Bank,* 4 *Ark.* 124.    *Buckner et al. vs. Real Estate Bank, id.* 440.

2*d.* That, after amendment of the declaration in a material point, the case ought to have been continued.

3*d.* That the Court did not ascertain the value of the current bank notes mentioned in the declaration.

4*th.* That the judgment is for a sum too large.

To the second point:    It is declared by the Revised Statutes, that if an amendment be made in matter of substance, the other party shall be allowed an opportunity to answer.    *Rev. St.* 634, *sec.* 113.

As to the third point:    This Court has settled the principle in *Day et al. vs. Lafferty,* 4 *Ark.* 450, where the Court says that " if the party fails to make a defence, a writ of inquiry must issue to ascertain the damages."    In this case, no writ of inquiry was issued, nor was the value of the " current bank notes" ascertained in any manner; and this point, if it needed more authority, was settled by two cases at the last term of this Court, which are not yet published.    The cases of *Wallace vs. Collins,* and *Hudspeth & Sutton vs. Gray, Durrive & Co.,* are directly in point.

The fourth point is settled by the case of *Day et al. vs. Lafferty,* 4 *Ark.* 450.

---

Wilson *vs.* Phillips.

---

*Cummins,* contra.

*By the Court,* LACY, J.   It is necessary to notice but a single point assigned as error; for all the others are wholly immaterial or untenable.   The writing sued on was payable in current bank notes, and due one year thereafter.   This obligation is for unliquidated damages, and so we have expressly adjudged the point on several occasions.   Here judgment was given by the Court for the full amount of the instrument, without examination of witnesses, showing the value of the bank notes, and without awarding a writ of inquiry to ascertain the unliquidated damages.   In this there is manifest error, as has, been decided in *Day et al. vs. Lafferty,* 4 *Ark. Rep.,* and in *Wallace vs. Collins, ante,* and several other cases.                          Judgment reversed.